IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| KIMBERLY KAY BARNETT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | No. 1:13-cv-00047<br><br>Judge Nixon<br>Magistrate Judge Brown |

## ORDER

Pending before the Court is Plaintiff Kimberly Kay Barnett's Application for Attorney Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("First Motion") (Doc. No. 21) and her Amended Application for Attorney Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("Second Motion") (Doc. No. 22), each filed with a Memorandum in Support (Doc. Nos. 21-1; 22-1), an affidavit of Plaintiff's attorney (Doc. Nos. 21-2; 22-2), and a signed Assignment of EAJA Fee (Doc. Nos. 21-3; 22-3). In her Second Motion, Plaintiff's counsel seeks $5,000.00 in attorney's fees, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (d)(1)(A). (Doc. No. 22 at 1.) Defendant Commissioner of Social Security filed a Response to the Second Motion, stating she has no objection to the award or its assignment. (Doc. No. 23.)

Under the EAJA, a prevailing party in litigation against the United States may seek attorney's fees, so long as the party files a motion for fees within thirty days after the time for appealing the judgment has ended." *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (citing 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G)). Federal Rule of Appellate Procedure 4(a) establishes that parties have sixty days from the entry of judgment to appeal an order if one of the parties is a United States employee sued in an official capacity. Fed. R. App. P. 4(a)(1)(B)(iii). Thus, the

1

thirty-day time limit for filing a motion for attorney's fees under the EAJA in a case against the Commissioner of Social Security begins once the sixty-day period for appeal of the judgment has expired. *Shalala*, 509 U.S. at 303. In social security cases, a sentence of remand to the Commissioner by the court constitutes a victory for the plaintiff, such that he or she may seek attorney's fees under the EAJA. *Shalala*, 509 U.S. at 301.

Here, on March 31, 2014, the Court reversed a decision of the Administrative Law Judge denying benefits to Plaintiff and remanded the case to the Commissioner for further proceedings. (Doc. No. 19.) Plaintiff filed the First Motion on April 30, 2014 (Doc. No. 21), and the Second Motion on May 7, 2014 (Doc. No. 22). Plaintiff's attorney requests $5,000.00 in fees, based on 26.34 hours of work at a rate of $187.02 per hour. (Doc. No. 22-2 at 2–3.) The Commissioner does not object to the award and states that the award will be paid to Plaintiff's attorney, pursuant to Plaintiff's signed Assignment of EAJA Fees. (Doc. No. 23 at 1.)

The Court finds that $5,000.00 is a reasonable award for the work performed by Plaintiff's counsel. Accordingly, the Second Motion (Doc. No. 22) is **GRANTED** and the First Motion (Doc. No. 21) is **TERMINATED AS MOOT**.

It is so ORDERED.

Entered this the ___ day of May, 2014.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

2